IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Franklin Dover, | C/A No. 9:25-cv-02574-JFA-MHC |
| Petitioner, | |
| v. | |
| Warden John Palmer, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

## I.    INTRODUCTION

Petitioner Franklin Dover, ("Petitioner"), proceeding *pro se*, brings this action for habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review. Specifically, the Magistrate Judge performed an initial review of Respondent's Return and Motion for Summary Judgment. (ECF Nos. 23 & 24).

After reviewing the Motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that Respondent's Motion for Summary Judgment should be granted, and the Petition be dismissed with prejudice. (ECF No. 35). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts

and standards without a full recitation. *Id.* Petitioner filed objections to the Report. [1](ECF No. 38). Thus, this matter is ripe for review.

## II.      <u>STANDARD OF REVIEW</u>

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas*, LLC, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73

---

[1]  Shortly thereafter, the Court received a Motion for Extension of Time to File Objections. (ECF No. 39). This Motion is granted, and the objections are considered timely filed.

F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation. Where a plaintiff is proceeding *pro se,* a trial court is encouraged to liberally construe his pleadings. *See Folse v. Hoffman,* 122 F.4th 80, 84 (4th Cir. 2024).

### III.   <u>DISCUSSION</u>

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore a full recitation is unnecessary here. (ECF No. 35). However, a brief summary of the facts is necessary to address Petitioner's objections.

In short, Petitioner is challenging his trial counsel's performance in his state jury trial which resulted in a conviction for murder and a sentence of life imprisonment. (ECF No. 23-1 p. 469). Petitioner raised two issues in his petition: (1) ineffective assistance of trial counsel— failing to object to a jury instruction regarding inference of malice; and (2) failure to effectively impeach witnesses with prior testimony offered at the mistrial. (ECF No. 1, p. 5).

The Report recommends Respondent's Motion for Summary Judgment as to ground one be granted because Petitioner failed to show his trial counsel's performance was deficient and he failed to show he was prejudiced by any supposed deficiency. (ECF No. 35, pp. 20–23). The Report also recommends Respondent's Motion for Summary Judgement as to ground two be granted because it is procedurally defaulted and Petitioner did not demonstrate any basis to excuse the default. *Id.* at 14.

In response to the Report, Petitioner made specific objections to the Report's recommendation that Respondent's Motion for Summary Judgment be granted as to ground one. (ECF No. 38). These objections are addressed herein.

The Report recommends Respondent's Motion be granted as to ground one because the PCR court did not misapply the law and found Petitioner failed to meet the first and second prongs of *Stickland v. Washington,* 466 U.S. 668 (1984). (ECF No. 35, p. 14). The Report thoroughly and accurately explains the deference provided to state courts in reviewing a 28 U.S.C. § 2254 petition. *Id.* at 14–15. Importantly, a review of an ineffective

assistance of counsel claim is not simply a review of the merits; rather, review is focused upon whether the state court decision was reasonable. *See* 28 U.S.C. §2254(d).

Petitioner argued in his Petition, and again in his objection, that his trial counsel's performance was deficient because trial counsel failed to object to the trial court's instruction that the jury could infer malice from the use of a deadly weapon. (ECF Nos. 1 & 38). Petitioner hangs this argument on the fact that *State v. Burdette,* 832 S.E.2d 575 (S.C. 2019), decided shortly after his trial concluded, held in part that a jury instruction that malice may be inferred from the defendant's use of a deadly weapon was improper. *Id* at 583. This ruling was effective in those cases that were pending on direct review and not yet final, so long as the issue was preserved. *Id.*

This Court agrees with the Report that Petitioner's argument that trial counsel's performance was deficient is ineffective. At the time Petitioner's trial took place, the controlling law was *State v. Belcher,* 685 S.E.2d 802 (S.C. 2009) which allowed an implied malice instruction to be given to the jury so long as there was no evidence of mitigating circumstances presented. *Burdette,* which overruled *Belcher* was pending on appeal at the time Petitioner's trial took place but was not decided until shortly after the trial concluded. Petitioner argues trial counsel's failure to object to the instruction in light of *Burdette* pending on appeal was in error. However, "the case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995). This is true even where a case that may result in a new rule of law is presently on appeal and the attorney is aware of that fact. *Id.*

5

Accordingly, mindful of the deferential standard applied on habeas review, the Undersigned finds the PCR Court's conclusion that trial counsel's performance was not deficient was neither unreasonable nor based on an unreasonable determination of the facts.

Petitioner also objects to his attorney's failure to raise the issue of the jury instruction in light of the *Burdette* decision on direct appeal. This argument fails. In *Burdette,* the South Carolina Supreme Court stated that its ruling was effective in those cases that were pending on direct review and not yet final, so long as the issue was preserved. As already discussed, trial counsel did not object to the jury instruction at trial. Accordingly, it was not preserved for appeal. Thus, any failure to not raise this unpreserved issue was not an error on part of trial counsel.

Petitioner further objects to the PCR Court's determination that even if his counsel's performance was deficient, no prejudice had been established because any alleged error in the instruction was harmless due to overwhelming evidence of malice and of a premeditated plot to kill or wound the victim. Petitioner argues the evidence of malice in the case was far from overwhelming. This Court's required deferential review of the record does not reveal the PCR Court's determination that the facts presented established overwhelming evidence of malice was an unreasonable determination of the facts. Accordingly, Petitioner's mere disagreement with this determination does not render it an unreasonable one.

Petitioner also objects to the Report, stating "[t]he State and Magistrate Judge pr[o]duced evidence falsely saying that Petitioner was seen at the apartment complex

6

looking for decedent a few days before and was seen there on the day of the shooting." (ECF No. 38, p. 9). While Petitioner may disagree with findings made by the state court and the Report's findings, these findings are supported by evidence within the record. Further, Petitioner's disagreement with facts that led to his conviction at trial do not amount to legal challenges to his state sentence that are preserved for this Court's review. Thus, Petitioner's disagreement with facts and argument of fundamental unfairness are overruled.

A review of the Report, Petitioner's objections, and the underlying state records reveal the PCR Court's determination did not result in an unreasonable application of Supreme Court precedent or an unreasonable determination of the facts. Accordingly, Petitioner's objections are overruled.

## IV.     <u>CONCLUSION</u>

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 35). Moreover, Respondent's Motion for Summary Judgment (ECF No. 24) is granted, and the Petition is dismissed with prejudice.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

_Joseph F. Anderson Jr_

March 2, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2]  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."