IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Franklin Dover, | C/A No. 9:25-cv-2574-JFA-MHC |
| Petitioner, | |
| vs. | |
| Warden John Palmer, | **OPINION AND ORDER** |
| Respondent. | |

This matter is before the Court on Petitioner's "Request for Certificate of Appealability." (ECF No. 43). Petitioner is requesting a certificate of appealability to allow an appeal of this court's prior order dated March 2, 2026, wherein the court dismissed Petitioner's request for habeas corpus relief under 28 U.S.C. § 2254. (ECF No. 40). This order clearly held that a "certificate of appealability is denied because Petitioner has failed to make 'a substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2)." (ECF No. 40, p. 8). Because Petitioner's request has been previously adjudicated and a final judgment has been enetered, the instant motion is construed as a Motion to Alter or Amend the Judgment pursuant to Rule 59(e). Within his motion, Petitioner requests "a certificate of appealability as to all portion of each claim raised." (ECF No. 43, p. 10).

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice

¶ 59.30[4] (3d ed.); *Doe v. Spartanburg Cty. Sch. Dist. Three*, 314 F.R.D. 174, 176 (D.S.C. 2016) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins*. Co., 148 F.3d 396, 403 (4th Cir. 1998)). The Fourth Circuit has held such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

Here, Petitioner seeks to have this Court reconsider its prior order (ECF No. 40) adopting the Magistrate Judge's Report and Recommendation, dismissing this action, and denying a certificate of appealability. Within his motion, Petitioner presents the same arguments as those specifically presented and rejected within his objections to the Magistrate Judge's Report. (*Compare* ECF No. 33, 38 *with* ECF No. 43). Accordingly, Petitioner's motion presents neither new controlling law, nor new evidence, nor points out clear legal errors, but rather, is an improper attempt to reargue issues already decided by this Court. The Court understands that Petitioner may disagree with this Court's ruling. However, Petitioner has failed to show any error which would warrant the relief requested. Accordingly, Petitioner's motion is denied.

To the extent necessary, the court further finds that as to this motion, a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

April 17, 2026                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."